**John A. Cochran**, OSB No. 020022
**PACIFIC PROPERTY LAW LLC**
16811 Lakeridge Dr.
Lake Oswego, OR 97034
Phone: 503-756-0299
E-mail: johnpplllc@gmail.com

**ATTORNEYS FOR DEBTORS**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: | CASE NO. 18-32738 |
| ZAFAR HAQ | **ADVERSARY COMPLAINT FOR:**<br>1. **DECLARATORY RELIEF – DUAL TRACKING**<br>2. **STANDING;**<br>3. **TRANSFER NOTICES VIOLATION**<br>4. **VIOLATION OF FDCPA 1692(e)** |
| Debtors,<br>v. | |
| WELLS FARGO; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON | **JURY DEMAND REQUESTED** |
| Defendant. | |

COMES NOW Debtors, Zafar Haq, by and through Pacific Property Law LLC, complains and alleges:

**I.  NATURE OF THE ACTION**

1.

Plaintiff executed a trust deed for the property located at 16617 SW Timberland Dr., Beaverton, OR 97007 ("Property") for $404,000.00 on October 26, 2006. Plaintiff may refer to both Plaintiff Haq throughout this Complaint. The Deed of Trust was recorded on November 21,

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING, FDCPA VIOLATIONS, DUAL TRACKING & NOTICE VIOLATIONS, ETC  - 1

**PACIFIC PROPERTY LAW, LLC**
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

2006 in records of Washington County, Oregon at Recording No. 2006-137959.  The lender on the Deed of Trust is World Savings Bank FSB and the beneficiary is listed as such.  World Savings transferred loan to Wachovia who in turn transferred loan to Wells Fargo.  Defendant can mean singularly or plural as to all Defendants throughout this Complaint.

2.

Defendant Wells Fargo, N.A. is a national banking association with its main office located at 101 North Phillips Avenue, One Wachovia Center, Sioux Falls, SD 57104.

3.

Wachovia Bank, N.A. is located at 301 South Tryon Street, Charlotte, NC 28282 and is aligned if not a direct subsidiary of Wells Fargo.  Wachovia Mortgage Loan Trust, LLC is located at 301 S. College St., Ste. G, Charlotte, NC 28288.   Quality Loan Service Corporation of Washington ("Quality") is located at 108 1st Ave South, Ste. 202, Seattle, WA 98104.

4.

Defendant has failed or refused to comply with the requests made through a formal letter demanding response and information from Defendant.  Defendant has failed or refused to produce genuine evidence establishing that it or any person it knows is the Owner of Plaintiff's Note.

5.

Upon information and belief, Plaintiff denies that Defendant is the Owner of its Note or the Servicer following instructions of Defendant in regards to the Note and Deed of Trust.

6.

Upon information and belief, Defendant has admitted that Plaintiff's Note is not in default, that Plaintiff owes it nothing, and that Plaintiff has not dishonored or breached the Note by refusing to comply with the demands Defendant made upon Plaintiff. Plaintiff/Debtor made request for information upon Defendant for information and Defendant opted to not

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING,
FDCPA VIOLATIONS, DUAL TRACKING & NOTICE
VIOLATIONS, ETC  - 2

PACIFIC PROPERTY LAW, LLC
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

properly respond to said request per attached letter, Exhibit 01. Debtor asks to see the original Note as well to the adversary proceeding.

7.

The Deed of Trust lists Defendant World Savings as the Beneficiary under the Security Instrument.

8.

The Deed of Trust lists World Savings, FSB (hereinafter "WORLD SAVINGS") as the original mortgage lender. WORLD SAVINGS has now been merged into and is now part of WACHOVIA which allegedly is part of WELLS FARGO.

9.

Defendant made attempts to dispute, validate and settle the account. Debtor has made attempts to work with Wells Fargo Home Mortgage, a division of Wells Fargo Bank NA and Wachovia Bank for purposes of a loan modification. Debtor also attempted to work with Quality Loan Servicing Corp. of Washington.

10.

Upon information and belief, the Defendant is not the real party in interest in this case because it has no economic or beneficial interest in Plaintiff's Note and Security Instrument; because it lacks authority to discharge Plaintiff's obligation under Plaintiff's Note or to otherwise settle the dispute before this Court should settlement efforts be attempted during this lawsuit; and because it is not the Owner of my Note or Defendant's Servicer regarding Plaintiff's Note and Security Instrument.

11.

Plaintiff's Note, a copy of which, as it existed when Plaintiff executed it in 2006 in favor of World Savings Bank, FSB. It reflects no indorsements or allonges but, upon information and belief, it has been sold, exchanged, traded, assigned, or otherwise transferred since then.

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING,
FDCPA VIOLATIONS, DUAL TRACKING & NOTICE
VIOLATIONS, ETC - 3

PACIFIC PROPERTY LAW, LLC
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

12.

Upon information and belief, Plaintiff's Note is a negotiable instrument pursuant to the UCC, and accordingly, the right to enforce it is determined by that law.

13.

Upon information and belief, Plaintiff denies that Defendant lender obtained possession of the physical Note via a voluntary transfer of all the interests in Plaintiff's Note from a person who at that time was the actual legal and valid holder of Plaintiff's Note.

14.

It appears that this loan has been transferred improperly based on the timing of the transfer of this asset to a governmental agency or some unknown trust and then also as a result of the improper transfer several illegitimate mergers and transfers of said loan documents.

15.

Upon information and belief, Plaintiff denies that Defendant can or is willing to produce Plaintiff's Note for inspection during this lawsuit.

16.

Upon information and belief, Plaintiff denies having received notice that a default exists under my Note from a person who was at that time the legal and true Owner of my Note or the true Owner's servicer who was then following instructions of the true Owner of that Note to so inform Plaintiff.

17.

Upon information and belief, never having received notice of default under Plaintiff's Note from the true Owner or its servicer, Plaintiff denies that any condition exists under Plaintiff's Security Instrument that would trigger a power of sale or foreclosure of Plaintiff's Property.

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING,
FDCPA VIOLATIONS, DUAL TRACKING & NOTICE
VIOLATIONS, ETC - 4

PACIFIC PROPERTY LAW, LLC
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

18.

Upon information and belief, never having received notice of default under Plaintiff's Note from the true Owner of its Note or its legitimate Servicer, Plaintiff denies that any refusal on Plaintiff's part to make payments or to comply with any demand made by Defendant in any way evidences Plaintiff's dishonor of its Note, the creation of any delinquency, or a condition triggering any right to foreclose or use a power of sale under the Security Instrument.

19.

Upon information and belief, Plaintiff denies that Defendant's ability to write demand letters and to make threats regarding Plaintiff Note and Security Instrument establishes in any way that it has a right to enforce either.

20.

Additionally, when a Note is transferred, it must be endorsed and signed, in the manner of a person signing his paycheck over to another party. Customary procedure was to endorse it as "Pay to the Order of" and the name of the party taking the Note and then signed by the endorsing party. With a new party holding the Note, there would now need to be an Assignment of the Debt. It can be argued that if the Deed of Trust and Note are not together with the same entity, then there can be NO enforcement of the Note. The Deed of Trust enforces the Note and provides the capability for the lender to foreclose on the Security Interest, i.e. the Property. If the Deed of Trust is separate from the Note, then enforcement, i.e. foreclosure cannot occur. In the instant case, Wachovia as well as Wells Fargo nor Quality has no legal standing to foreclose on the subject Property mentioned herein.

21.

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING, FDCPA VIOLATIONS, DUAL TRACKING & NOTICE VIOLATIONS, ETC - 5

PACIFIC PROPERTY LAW, LLC
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

Even though Defendant has admitted that it has no right to enforce Plaintiff's Note and Security Instrument, Plaintiff nevertheless maintains that Plaintiff has never received complete accounting information from Defendant(s) respecting the balance due, if any, on Plaintiff's Note. Plaintiff has received no information about insurance proceeds, claim settlements, or indorsement warranty payments having been received or sought by the Defendant(s) respecting the Note. Lacking information to the contrary, Plaintiff denies that any balance is still owed regarding its Note.

22.

Because Defendant is the true legal Owner of Plaintiff's Note or a Servicer of the true Owner of the Note, Plaintiff further denies that Defendant's comments or questions about Debtor's Note elevate in the least its legal status or right to enforce debtor's Note pursuant to Oregon's version of the Uniform Commercial Code.

23.

Any interpretation of the Note that potentially subjects Plaintiff to multiple claims regarding Plaintiff's Note was never intended and was never disclosed to Plaintiff as being a possibly result by the Lender. Plaintiff never knowingly intended to waive or disclaim Plaintiff's right to only have to pay the one person entitled to enforce Plaintiff's Note, and the Lender never discussed that possibility or asked Plaintiff to make such a waiver or disclaimer. Any interpretation of Plaintiff's Note to the contrary would be a mistake, a violation of Plaintiff's fundamental rights and not reflective of the intent and purpose of that agreement. Only the true legal Owner of Plaintiff's Note as defined by the UCC for a particular time has any right to enforce Plaintiff's Note, and that is not the Defendant(s).

24.

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING,
FDCPA VIOLATIONS, DUAL TRACKING & NOTICE
VIOLATIONS, ETC - 6

PACIFIC PROPERTY LAW, LLC
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

Any interpretation of Plaintiff's Security Instrument that would permit a person other than the Owner of the Note to initiate and prosecute the foreclosure of Plaintiff's Property was never intended and was never disclosed or addressed by the Lender as a possible result. Therefore, any such interpretation of the purpose or intent of that document would be mistake, invalid and inconsistent with Plaintiff's rights and the agreement Plaintiff made with his original and valid Lender.

25.

The Lender never disclosed or addressed that by executing its forms that Plaintiff would be construed to have relinquished his right to only pay Plaintiff's obligation to the person legally entitled to enforce it. That possibility was never mentioned by Lender, and Plaintiff never knowingly agreed to any such possibility. Further, Plaintiff was never asked to, nor did Plaintiff agree to honor demands regarding my Note made by anyone who didn't prove the actual right by law to enforce its Note. Any assertion to the contrary by Defendant will be mistake or fraud, and inconsistent with the agreement made with the Lender.

26.

Upon information and belief, Plaintiff has never knowingly agreed that any person other than the true valid legal Owner of Plaintiff's Note would have the right to foreclose Plaintiff's Property pursuant to the Security Instrument that Plaintiff gave as collateral for its Note. The Lender never addressed or disclosed the possibility that, by signing its Security Instrument form, Plaintiff would be authorizing a person not entitled to enforce Plaintiff's Note, and not owed anything by Plaintiff to its Note, to take Plaintiff's home. That was never the intent or approved purpose of the Security Instrument. Any assertion to the contrary by Defendant will

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING,
FDCPA VIOLATIONS, DUAL TRACKING & NOTICE
VIOLATIONS, ETC - 7

**PACIFIC PROPERTY LAW, LLC**
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

be mistake or fraud, as the facts to be revealed in this lawsuit will demonstrate, and inconsistent of the agreement Plaintiff made with the Lender.

27.

The Lender prepared, provided, and required that Plaintiff use the forms which became Plaintiff's Note and Security Instrument. Any ambiguity or vagueness within either document must be construed against the Lender and its successor in order that Plaintiff's rights under those agreements be properly understood and applied.

28.

Upon information and belief, Plaintiff denies the power of sale pursuant to the Security Instrument was ever initiated by action of the true legal Owner of Plaintiff's Note.

29.

Upon information and belief, the alleged trustee has never been instructed by the true Owner of Plaintiff's Note to initiate a foreclosure.

30.

Upon information and belief, the alleged trustee does not know the identity of true Owner of Plaintiff's Note, and, therefore does not know the person authorized to issue instructions regarding the Security Instrument.

31.

Upon information and belief, the alleged trustee doesn't use internal policies or procedures that would permit it to determine whether the person engaging it to initiate the foreclosure process under Plaintiff's Security Instrument and Oregon's nonjudicial foreclosure law.

32.

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING, FDCPA VIOLATIONS, DUAL TRACKING & NOTICE VIOLATIONS, ETC - 8

**PACIFIC PROPERTY LAW, LLC**
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

Upon information and belief, the alleged trustee knows that public recording of documents does not ensure that the content is accurate, truthful or authorized by law. Accordingly, Plaintiff denies that the alleged trustee acted, or is acting, in good faith to the extent it initiated and continues to conduct this foreclosure process alleging reliance on the fact that it can point to one or more documents which have been publicly recorded. Additionally, Hacienda CDC started working on a loan modification for Debtors. Debtors with assistance of Hacienda CDC submitted the documents which are still pending to this day which is simply proof of dual tracking.

33.

**CLAIM FOR NO STANDING**

Upon information and belief, Defendant lacks standing in this case, having no economic or beneficial interest in Plaintiff's note, and no complete dominion over it, including no right to enforce Plaintiff's Note pursuant to the UCC.

34.

Even if Defendant can claim to be the "Lender", upon information and belief, Plaintiff's Note was sold one or more times to others and Defendant no longer owns or has full dominion over Plaintiff's Note, including no right to enforce Plaintiff's Note per the UCC.

35.

Upon information and belief, Quality nor Wells Fargo has no economic or beneficial interest in any Note, mortgage, or deed of trust.

36.

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING, FDCPA VIOLATIONS, DUAL TRACKING & NOTICE VIOLATIONS, ETC - 9

**PACIFIC PROPERTY LAW, LLC**
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

Upon information and belief, Defendant have no economic or beneficial interest in my Note and therefore has always lacked authority under the UCC to sell, assign, transfer, or otherwise deal in my Note or Security Instrument of its own volition or on its own belief.

37.

Upon information and belief, any document introduced by Defendant in this case that purports to be an assignment declaration, transfer or affidavit executed by Wachovia or Wells Fargo was not executed by or pursuant to any instruction from proper beneficiary respecting Plaintiff's Note or Security Instrument and is invalid and has no legal effect regarding Plaintiff's Note and Security Instrument.

38.

Upon information and belief, Defendants have not received any instruction from, nor taken any action on the behalf of, the Owner of my Note respecting Plaintiff's Note or Security Instrument at any time relevant hereto. That is, Defendants have never acted as nominee or agent of any Owner of Plaintiff's Note, and, accordingly, any alleged action by Defendants respecting Plaintiff's Note and Security Instrument is invalid and of no legal effect.

39.

Defendants were not a party to the real estate loan process that resulted in Plaintiff's Note and Security Instrument. Accordingly, neither Wells Fargo, Wachovia, Quality Loan Servicing nor anyone alleging to represent it has personal knowledge of the communications or negotiations that preceded or culminated in the creation of Plaintiff's Note and Security Instrument.

40.

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING, FDCPA VIOLATIONS, DUAL TRACKING & NOTICE VIOLATIONS, ETC - 10

**PACIFIC PROPERTY LAW, LLC**
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

Upon information and belief, the Security Instrument was never intended to, and does not, grant any authority for Defendants to take any action respecting the Security Instrument or Plaintiff's Note except upon clear and advance instructions of the then Owners of Plaintiff's Note. The Lender never said otherwise and Plaintiff never knowingly agreed otherwise.

41.

The Lender, not Debtors, inserted the name of successive beneficiaries onto the Lender's Security Instrument form. Plaintiff was never informed of the agreement between the Lender and Wachovia, Wells Fargo, shadow beneficiary and/or Quality Loan Servicing regarding any relationship they had or would have. Upon information and belief, Plaintiff denies that Defendants and the Lender actually had, at that time, any agency relationship respecting my Note and Security Instrument. Plaintiff further denies that any such agency relationship was later made between the Lender and Defendants.

42.

Upon and belief, Plaintiff denies that Defendants had any agency relationship with potential future and unidentified successor to the Lender when Plaintiff executed its Security Instrument. Further, Plaintiff denies that Defendants and any subsequent successor to the Lender, who also obtained the right to enforce Plaintiff's Note, established any agency relationship respecting Plaintiff's Note and Security Instrument.

43.

In Appeals case from US Court of Appeals for the Tenth Circuit, <u>Dennis Obduskey v. McCarthy & Holthus LLP</u>, it appears the Supreme Court has granted writ of certiorari to

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING, FDCPA VIOLATIONS, DUAL TRACKING & NOTICE VIOLATIONS, ETC - 11

PACIFIC PROPERTY LAW, LLC
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

decide the question as to whether a nonjudicial foreclosure is subject to the Fair Debt Collection Practices Act. If that is true, there are claims here for an improper party attempting to engage in a nonjudicial foreclosure action against Debtors.

44.

As a result of Defendant's breach and inability to show its right to enforce said Note and Deed of Trust, Plaintiff ask for all attempts to foreclosure or collect on Note and Security Instrument be rescinded and enjoined. The Deed of Trust does not allow for nonparties to engage in violations of FDCPA and conversion. Plaintiff requests a declaratory judgment as to the lawful holder of the Note and the proper beneficiary/Owner under the Deed of Trust. Plaintiff retained an Attorney and seeks reimbursement for his reasonable attorney fees, as authorized by the Note and Deed of Trust that are the operative documents that Defendant is seeking to enforce said obligation of Plaintiff through this foreclosure action.

**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

45.

Plaintiffs re-allege and by reference all preceding paragraphs as though fully set forth herein.

46.

In Appeals case from US Court of Appeals for the Tenth Circuit, <u>Dennis Obduskey v. McCarthy & Holthus LLP</u>, it appears the Supreme Court has granted writ of certiorari to decide the question as to whether a nonjudicial foreclosure is subject to the Fair Debt Collection Practices Act. If that is true, there are claims here for an improper party attempting to engage in a nonjudicial foreclosure action against Debtors.

Under this claim for violation of FDCPA based on Defendant's improper

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING, FDCPA VIOLATIONS, DUAL TRACKING & NOTICE VIOLATIONS, ETC - 12

**PACIFIC PROPERTY LAW, LLC**
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

collection of said debt against Plaintiff, Plaintiff argues two points: (1) the new beneficiary Investors, has no interest in this Note and Deed of Trust and should not have authority to hire Quality or any debt collector or ownership of debt or right to enforce said debt; and (2) Quality used misleading and false information in receiving said debt from Debtors.  Under point 1 that this would basically amount to an assignee collecting upon a debt after the issuance of default since Investor ("Investor") does NOT own this debt.  It is not apparent exactly who is acting as original creditor but everyone else is then acting as an assignee of a default loan or "debt in default" and therefore qualifies as a collector under the FDCPA. Since the servicer is not known for sure, when the proper Servicer is identified then it too would qualify as debt collector and any of those actors associated therewith would later qualify as debt collectors after discovery.  Additionally, any possible other defendants are added to this Complaint may qualify.  If any potential or alleged Servicers claims to owe the debt and if it does not in fact owe said debt, this would qualify as deceptive and misleading conduct on behalf of said servicer in addition to other violations as result of improper conduct or neglecting to notify borrower of said transfer to the respective servicer.

47.

The FDCPA is a strict liability statute which specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer." 15 U.S.C. § 1692e(10). The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debts collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING, FDCPA VIOLATIONS, DUAL TRACKING & NOTICE VIOLATIONS, ETC  - 13

**PACIFIC PROPERTY LAW, LLC**
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

collection abuses." <u>Miller v. Javitch, Block & Rathbone</u>, 561 F.3d 588, 591 (6th Cir. 2009) (quoting 15 U.S.C. § 1692€).

48.

To assess whether particular conduct violates the FDCPA, courts use the "least sophisticated debtor" standard. *See Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988). This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd." <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318-19 (2nd Cir. 1993).

49.

When applying the "least sophisticated consumer" standard, the Misleading statement must also be materially false or misleading to violate FDCPA 15 U.S.C. § 1692e. *Miller* at 596-97. "The materiality standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326-27 (6th Cir. 2012).

50.

The FDCPA defines the term "debt collector" to include generally "any person [1] who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added). The definition excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . is incidental to a bona fide fiduciary obligation." Id. § 1692a(6)(F)(i).

51.

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING,
FDCPA VIOLATIONS, DUAL TRACKING & NOTICE
VIOLATIONS, ETC - 14

PACIFIC PROPERTY LAW, LLC
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

The FDCPA's definition of debt collector, however, does not include any requirement that a debt collector be engaged in an activity by which it makes a "demand for payment," as many lenders and servicers try to claim. They try to argue that the notice letters and papers they used to initiate foreclosure proceedings were somehow to be distinguished from letters amounting to actual debt collection efforts, maintaining that foreclosure papers are not an attempt to collect a debt.

52.

As courts have previously explained, however, "nothing in [the] language [of the FDCPA] requires that a debt collector's misrepresentation [or other violative actions] be made as part of an express demand for payment or even as part of an action designed to induce the debtor to pay.

53.

Given the tests above, it is very clear that if Quality and new Investor is found to have no title or interest in either the Note or Deed of Trust for this loan, it has been literally violating the FDCPA month after month since it allegedly attempted to take title through an assignment of ownership in the Deed of Trust since the Assignment from World Savings to Wachovia to Wells Fargo and then from Wells Fargo to another investor (possibly) and then from said investor to the Servicer acting as Beneficiary (Quality) and then to unknown and illegal investor entity lender with its resulting improper claim to legal ownership in the Deed of Trust and Note.

54.

The way in which Investor and Quality has committed numerous violations using false representations and unfair and deceptive practices to collect against Plaintiff/Debtors should

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING,
FDCPA VIOLATIONS, DUAL TRACKING & NOTICE
VIOLATIONS, ETC - 15

PACIFIC PROPERTY LAW, LLC
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

entitle Plaintiff/Debtors to an award of damages in an amount of no less than from the date of assignment from Wells Fargo and Quality which arguably would led to violations every month ($1000 per violation) for 6 years for an amount of no less than $50,000.

## CLAIM FOR RELIEF
## DUAL TRACKING/ VIOLATION OF TRANSFER OF
## OWNERSHIP NOTICES 15 U.S.C. 1641, SECTION 404

55.

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

56.

In the alternative, it appears Debtors have made many, many, many attempts at loan modification. Hacienda CDC started working on a loan modification for Debtors. Debtors with assistance of Hacienda CDC submitted the documents which are still pending to this day which is simply proof of dual tracking.

57.

Over the years there is always a delay, lost paperwork or a reason why the lender cannot process the modification paperwork.

58.

As of late, Mr. Cochran worked with Wells Fargo Counsel to reach a settlement in turn for Wells Fargo to process said paperwork. Throughout that process Debtors submitted the paperwork and Wells Fargo fired back that it did not receive the proper modification documents EVEN THOUGH Debtor showed proof via fax and email that it sent said paperwork and all information requested by Defendant was delivered by Debtors.

59.

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING, FDCPA VIOLATIONS, DUAL TRACKING & NOTICE VIOLATIONS, ETC - 16

**PACIFIC PROPERTY LAW, LLC**
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

Moreover, Helping Families Save Their Homes Act of 2009 - Title I: Requires the mortgagee already to have modified the mortgage, or to have qualified it for modification sufficient to cure the default and provide for mortgage payments the mortgagor is reasonably able to pay, at interest rates not exceeding current market rates.

60.

In this instance, QUALITY, WELLS FARGO nor UNKNOWN INVESTOR never made any attempt to modify the borrowers mortgage upon request or otherwise. It has refused to work with borrower in engaging in loss mitigation programs including even the short sale process.

61.

Also to take note that the Helping Families Save Their Homes Act of 2009 - Title I: Authorizes the Secretary to: (1) reassign the mortgage to the mortgagee; (2) act as a Federal Mortgage issuer, or contract with an entity for such purpose, in order to pool the mortgage into a Fannie Mae security; or (3) resell the mortgage in accordance with any program established for purchase by the federal government of insured mortgages.

62.

If the LENDER/BENEFICIARY had followed the rules under the federal guidelines of TILA 15 U.S.C. § 1641(g)1 to help BORROWER ENGAGE IN LOSS MITIGATION PROGRAMS so BORROWER COULD SAVE THEIR PROPERTY FROM FORECLOSURE. The lender refused to engage in loan modification with Client when it was REQUIRED TO UNDER the guidelines of FANNIE MAE and the Helping Families Save Their Homes Act of 2009 - Title I. If the Lender/Beneficiary would have simply assisted borrower in engaging in loan modification and even helped process the modification rapidly

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING, FDCPA VIOLATIONS, DUAL TRACKING & NOTICE VIOLATIONS, ETC - 17

PACIFIC PROPERTY LAW, LLC
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

the borrower would not be in a foreclosure situation with the bank circling to take yet another Property against the spirit of the named statute: Helping Families Save Their Homes Act. AT NO TIME did Defendants ever, ever, ever give Debtors the option of a real loan modification. Debtors have called and called over the years and there was no indication that he could do a loan modification either before or after the stoppage of payments on the mortgage loan. Under this law, the LENDER IS SUPPOSED TO USE EFFORTS to help the Borrower modify the loan. The lender/beneficiary has skirted its responsibility to borrower and has engaged in unlawful conduct, not the other way around because the borrower fell behind on their payments, that was the point of this law. Violation for violating transfer rules in an amount of not less than $10,000 and a declaratory judgment as to who is the current lawful holder of the Note and Deed of Trust. For not engaging in loss mitigation option and denying right to save him, Plaintiff asks damages of $10,000.00.

63.

The Helping Families Save Their Homes Act of 2009 also added a new provision under Section 404 in TILA at 15 U.S.C. 1641 which requires that whenever ownership of a mortgage loan securing a consumer's principal dwelling is transferred, the creditor that is the new owner or assignee must notify the borrower in writing, within 30 days after the loan is sold or assigned, of the following information:

• the new creditor's identity, address, and telephone number;

• the date of transfer;

• location where the transfer is recorded;

• how the borrower may reach an agent or party with authority to act on behalf of the new creditor; and

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING, FDCPA VIOLATIONS, DUAL TRACKING & NOTICE VIOLATIONS, ETC - 18

**PACIFIC PROPERTY LAW, LLC**
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

• any other relevant information regarding the new owner.

64.

Plaintiff/Debtor is simply alleging that the notices were not sent out when they should have been because of the convoluted history of the transfer of this loan from World Savings Bank, FSB, Wachovia Bank, Wells Fargo and also information on change of Servicing agent to Quality. Also Debtor asks for information regarding the servicing issues and servicers and other possible investors that were involved during the life of this loan, because of those errors in the transfer notice(s) not properly provided to Debtors, Debtors have never had the opportunity to take advantage of the loan modification process as contemplated under the Act.

65.

Plaintiff is simply alleging that the notices were not sent out when they should have been because of the convoluted history of the transfer of this loan from World Savings, Wachovia, Wells Fargo and other investors in that merger and other transfer process. Also, somehow to Quality and the servicing issues and servicers that were involved during the life of this loan, because of those errors in the transfer notice(s) not properly provided to Debtors, Debtor has never had the opportunity to take advantage of the loan modification process as contemplated under the Act.

66.

Section 404 amends Section 130(a) of TILA AND 15 USC § 1640(a) provides that the failure to give the notice can result in liability for actual and up to $4,000 statutory damages per violation, plus plaintiff's reasonable attorneys' fees. As a result of the many contacts and attempts Debtor has made to save his home with the alleged beneficiaries and alleged servicers in the respective timeline, Debtor requests an amount of damages in an amount of no less than $40,000

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING, FDCPA VIOLATIONS, DUAL TRACKING & NOTICE VIOLATIONS, ETC - 19

PACIFIC PROPERTY LAW, LLC
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18

RIGHT TO AMEND

Plaintiff reserves the right to Amend this Complaint with new Claims and new Parties as is dictated by the evidence.

WHEREFORE, Plaintiff will ask for the following for each Claim for Relief sustained:

1. Plaintiff's Claims Invalidating the Sale Request the following Relief:
    i. For Declaratory Judgment voiding, invalidating and setting aside the nonjudicial Trustee's foreclosure sale; and
    ii. For Injunctive relief barring Defendants' from collecting, foreclosing or otherwise seeking to dispossess Plaintiff of the property.
2. For Compensatory Damages in an amount to be determined by proof at trial.
3. For a temporary, preliminary or permanent injunction as awarded.
4. On Plaintiff's FDCPA Claim for Relief, Damages in an amount to be proven at trial, but not less than $50,000.00.
5. For the transfer of ownership notices in an amount to be proven at trial, but not less than $10,000.
6. For Declaratory judgment as to who is the proper holder of the Note.
7. For General Damages in an amount to be determined by proof at trial.
8. Awarding Plaintiff its reasonable Attorney Fees and Costs of this Action.
9. For a judgment either reforming or rescinding the Note and Deed of Trust and setting forth terms of restitution.
10. For any prejudgment or other interest according to law.
11. For whatever relief the Court deems just and equitable.

DATED AUGUST 27, 2018.

/s/ John A. Cochran
John A. Cochran, OSB #020022
16811 Lakeridge Dr.
Lake Oswego, Oregon 97034
Phone: 503-756-0299
E-mail: johnpplllc@gmail.com

DEBTOR'S ADVERSARY COMPLAINT FOR STANDING, FDCPA VIOLATIONS, DUAL TRACKING & NOTICE VIOLATIONS, ETC - 20

**PACIFIC PROPERTY LAW, LLC**
16811 Lakeridge Dr.
LAKE OSWEGO, OR 97034
PHONE (503) 756-0299
johnpplllc@gmail.com

Case 18-03092-dwh    Doc 1    Filed 08/27/18